IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LORI THIBERT**                                                                **PLAINTIFF**

**VS.**                                           **CIVIL ACTION: 1:18cv328-LG-RHW**

**WAFFLE HOUSE, INC.**                                                          **DEFENDANT**

<u>**REPORT AND RECOMMENDATION
RECOMMENDING DENIAL OF  PLAINTIFF'S MOTIONS
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***</u>

On October 11, 2018, the *pro se* Plaintiff Lori Thibert filed this lawsuit claiming she was "wrongfully terminated out of retaliation" from her employment with Defendant Waffle House in December 2017.  [1]   The complaint was accompanied by a copy of Thibert's affidavit stating she had been hired by Waffle House in April 2015.[1]  [1-1]  Contemporaneously with the filing of the complaint, Thibert filed [2] a sworn application for leave to proceed *in forma pauperis* (IFP), in which she stated her most recent employer was Waffle House without giving  dates of employment or gross monthly pay, and indicated her average monthly income from employment during the past 12 months was $48 per month ("8 months unemployed  $500 ÷ 12  $48/mo"). The only other asset she identified was an undisclosed monthly amount in food stamps, and she listed no average monthly expenses at all, stating she is homeless although she provided a home address and telephone number.  Due to the inconsistencies and lack of information, the Court ordered Thibert to file a properly completed sworn application by October 31, 2018.  [3]

On October 31, 2018, Thibert filed [4] her second application for leave to proceed IFP, in which she marked the areas for employment income and average monthly income during the past 12 months "N/A," marked the area for employer in the past two years "none," stated total assets

---

[1]The typewritten affidavit bears Thibert's signature, but is undated and is not notarized.  A handwritten note at the bottom states: "Defendant has the notorized (*sic*) version."

of $192 in food stamps, and listed average monthly expenses of $30,000 for medical and dental expenses.[2]  Thibert's sworn statements in the second IFP application cannot be reconciled with the allegations of her complaint and its accompanying affidavit, or her prior sworn application, *e.g.*, either she was employed within two years of filing her complaint or she was not; either she had income from employment within twelve months of filing suit or she did not – clearly one of the statements to which Thibert has sworn is not true.  In both IFP applications, Thibert acknowledged "under penalty of perjury" that the information provided therein was true, and that she understood that "a false statement may result in dismissal of [her] claims."

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Thibert's motions for leave to proceed IFP be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court her written objections to the Report and Recommendation.  The objecting party must specifically identify the findings, conclusions, and recommendations to which she objects.  The District Court need not consider frivolous, conclusive, or general objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 1st day of November, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Thibert left blank the area for medical/dental expenses on her first IFP motion.